NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1404

TIME' N TEMPERATURE COMPANY,

Plaintiff-Appellant,

v.

SENSITECH, INC. and DONALD W. BERRIAN,

Defendants-Appellees.

Daniel M. Cislo, Cislo & Thomas LLP, of Santa Monica, California, argued for plaintiff-appellant. With him on the brief was David B. Sandelands.

Francis H. Morrison III, Day, Berry & Howard LLP, of Boston, Massachusetts, argued for defendants-appellees. With him on the brief was John T. Gutkoski. Of counsel was Alexandra C. Fennell.

Appealed from: United States District Court for the Central District of California

Judge Manuel L. Real

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1404

TIME 'N TEMPERATURE COMPANY,

Plaintiff-Appellant,

v.

SENSITECH, INC., and DONALD W. BERRIAN,

Defendants-Appellees.

_____

DECIDED:  January 30, 2007

_____

Before MAYER, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Donald W. Berrian and Sensitech, Inc., (collectively, "Sensitech") are the assignee and exclusive licensee of U.S. Patent No. Re. 36,200 ("the '200 patent").  The patent is directed to an electronic monitoring device that is capable of sensing and recording external parameters such as temperature, humidity, pressure, or acceleration.  Appellant Time 'N Temperature Co. ("TNT") makes and sells several types of temperature recorders for use in connection with the shipment of perishable foods.

Sensitech filed this action for patent infringement against TNT in the United States District Court for the District of Massachusetts.  On TNT's motion, the district court transferred the case to the United States District Court for the Central District of

California, where it was consolidated with a separate action filed by TNT. In that action, TNT brought antitrust claims against Sensitech and sought a declaratory judgment of invalidity and noninfringement of the '200 patent. The district court subsequently granted TNT's motion to dismiss the antitrust claims with prejudice.

After the close of discovery, both parties moved for summary judgment as to liability. The district court denied TNT's motions with respect to infringement and patent invalidity, granted Sensitech's motions on the same subjects, and issued a permanent injunction barring TNT from selling the accused devices. TNT now appeals from the issuance of the injunction, raising issues of claim construction, anticipation, and obviousness. We hold that the district court erred in concluding that none of the claims of the '200 patent are invalid for anticipation.

Claim 1 of the '200 patent provides as follows:

Apparatus for monitoring an externally applied parameter, comprising a housing enclosing:
   A. a sensor having a characteristic that varies in a predetermined manner with variation of said parameter;
   B. a monitoring and output network including:
      i. means coupled to said sensor for generating a signal representative of variations of said characteristic over time,
      ii. first storage means for storing values associated with selected portions of said signal, said selected portions including other than the most recent portion of said signal, and
      iii. selectively operative means for generating an output signal representative of selected ones of said stored values; and
   C. a power supply in operable communication with said sensor and said network.

On appeal, TNT asserts that each of three prior art references anticipates the claims of the '200 patent.

One of the three prior art references, U.S. Patent No. 4,745,564 to Tennes ("the '564 patent"), discloses an apparatus for measuring and recording externally applied

2006-1404                                          2

parameters relating to goods in transit. Sensitech argues that the Tennes reference does not anticipate the '200 patent because Tennes does not disclose the storage of values "associated with" selected portions of the external parameter signal, as required by claim 1 of the '200 patent.

That argument is rebutted by an examination of the text of the Tennes patent. Tennes is directed to an impact-detection apparatus "for measuring and recording accelerations or other physical quantities experienced by easily damaged items of commerce such as fruit and electronic computers." The specification of the Tennes patent states:

> This invention provides an apparatus adapted to measure and record the acceleration history of commodities while they are being handled or transported. . . . It can sense accelerations along each of three coordinate axes. All three accelerations are stored as data if any one exceeds a predetermined acceleration magnitude. The apparatus also stores the time of occurrence of such accelerations, thereby providing an event-time history. This history can be read from the memory for analysis after the handling or transportation is completed.

'564 patent, col. 2, line 61, through col. 3, line 4. Thus, the Tennes patent plainly discloses the storage of values corresponding to selected signals relating to acceleration (or other parameters).

That disclosure in Tennes satisfies the allegedly missing claim limitation. Sensitech, however, argues that the limitation of the '200 patent that refers to "values associated with selected portions of [the] signal" requires that the stored value reflect some type of mathematical computation. Sensitech characterizes measurements indicative of a particular parameter (such as temperature) as "simple readings," while it refers to the results of a comparison or calculation involving one or more readings (such as a figure representing the maximum temperature recorded within a certain time-

frame) as "computed values." Under Sensitech's theory, "storing values associated with selected portions of [the] signal" refers to the storage of "computed values," whereas Tennes teaches only the storage of "simple readings."

Both aspects of Sensitech's theory are flawed. First, the '200 patent clearly uses the phrase "values associated with the signal" in a manner that encompasses the storage of "simple readings" such as temperature measurements. The specification explicitly states that "[v]alues associated with the signal, e.g. actual temperature values, are stored in a memory device for subsequent, selected retrieval." '200 patent, col. 3, ll. 1-3. Moreover, the disclosures in the Tennes patent satisfy even Sensitech's narrow construction requiring the storage of "computed values." Claim 6 of Tennes recites "[t]he acceleration event detector/recorder of claim 4, wherein the arithmetic logic means processes the digital signals to produce a digital signal representing the area under the acceleration time-history curve." '564 patent, col. 11, ll. 26-29. Claim 8 of Tennes describes a similar arithmetic logic means that "processes the digital signals to produce digital signals representing the frequency contents of accelerations which meet predetermined criteria." '564 patent, col. 11, ll. 34-38. Those claims clearly disclose the computation of values that represent a comparison with or calculation involving multiple readings of the input signal. And contrary to Sensitech's assertion, the Tennes patent teaches the storage of such figures; both claims 6 and 8 of the Tennes patent ultimately depend from claim 2, which explicitly requires the storage of the digital signal representing the computed values. '564 patent, col. 10, line 66, through col. 11, line 3. Thus, even under Sensitech's proffered claim construction, the Tennes patent anticipates the claimed invention.

Sensitech attempts to rebut the showing of anticipation based on Tennes by pointing to a statement made by TNT's expert, that the Tennes patent does not teach the storage of any "calculations, comparisons, of acceleration values, between or among themselves to determine a high or a low." According to Sensitech, that statement supports Sensitech's theory that Tennes does not teach the storage of "computed values." There are two defects in that line of reasoning, however. First, the expert's statement is directed solely to claim 24 of the Tennes patent and does not address the remainder of the patent. Second, the statement is limited to the issue of whether claim 24 of the Tennes patent teaches the determination of a minimum or maximum acceleration over a particular period of time. Sensitech's argument therefore relies on the false premise that the calculation of a minimum or maximum acceleration is coextensive with the meaning of the term "computed value." Even under Sensitech's construction of the term, the meaning of "computed value" encompasses any comparison or calculation involving multiple signal readings. That definition is clearly broad enough to capture the computation of the area under an acceleration time-history curve, which is expressly taught by Tennes.

Under the proper construction of the claim limitation "values associated with selected portions of [the] signal," it is clear from the record before the district court that no reasonable jury could find that limitation not to be anticipated by the prior art Tennes patent. That limitation was the only basis invoked by Sensitech, either in the district court or in this court, for distinguishing Tennes from the '200 patent.

We hold that the district court should have granted TNT's motion for summary judgment of anticipation based on TNT's showing that Tennes anticipates the '200

patent and, for that reason, should not have issued an injunction. In the district court, TNT alleged in general that all the claims of the '200 patent were invalid, but it focused in particular and with specificity on claims 1, 24, and 42 of that patent. Because Sensitech's response to TNT's anticipation argument in the district court and in this court was predicated on the "values associated with selected portions of [the] signal" limitation, we hold that claims 1, 24, and 42 are anticipated by Tennes, and we therefore reverse the decision of the district court as to those claims. In their briefs before this court, the parties did not separately address the issue of the validity of each of the remaining dependent claims of the '200 patent. In further proceedings before the district court, the district court should consider, in light of the analysis set forth above, the validity of any remaining dependent claims as to which there may be a continuing dispute between the parties. Based on our rulings on the issue of liability, we reverse the injunction entered against TNT.